**BIGGE EQUIPMENT CO.,
et al., Plaintiffs,**

**v.**

**MAXPEED INT'L TRANSPORT CO.,
LTD., et al., Defendants.**

**No. C 01-3011 MJJ.
No. C 01-1071 MJJ.**

United States District Court,
N.D. California.

Feb. 6, 2002.

Mitchell S. Griffin, Cox Wootton Griffin Hansen & Poulos, LLP, San Francisco, CA, for Hanjin Shipping Co., Ltd.

## ORDER GRANTING DEFENDANT MARINE TERMINAL CORPORATION'S MOTION FOR SUMMARY JUDGMENT

JENKINS, District Judge.

### INTRODUCTION

Before the Court is Defendant Marine Terminal Corporation's ("MTC") motion for summary judgment to limit its liability to $500. The motion requires the Court to determine whether Plaintiffs Bigge Equipment Co. and Dongbu Insurance Co., Ltd. (collectively "Plaintiffs") are subject to the limitation of liability of $500 for damages allegedly caused to cargo, in part, by MTC. For the reasons stated below, MTC's motion is GRANTED.

### FACTUAL BACKGROUND

Link–Machinery Co., Ltd. ("Link") sold Plaintiff Bigge Equipment Co. ("Bigge") one 1987 Samsung–Todano truck crane, model CX300R. The cargo was delivered to Defendant Maxpeed International Transport Co., Ltd. ("Maxpeed"), a non-vessel operating common carrier ("NVOCC")[1] who issued a bill of lading to Link. See Complaint, Exh. 1 ("Maxpeed BOL"). Bigge was the consignee of the Maxpeed BOL. Maxpeed then delivered the cargo to Defendant Hanjin Shipping Co., Ltd. ("Hanjin"), the entity which would actually transport the cargo across the ocean. At that time, Hanjin issued a bill of lading to Maxpeed. See Declaration of Laura Davis In Support of MTC's Motion for Summary Judgment, Exh. 1 ("Hanjin BOL"). It is undisputed that Bigge is not expressly named in the Hanjin BOL.

On or about October 7, 2000, the cargo was shipped from Pusan, Republic of Korea for delivery by sea to Oakland, California, to Bigge in the same good order and condition. It was, however, damaged and Plaintiffs brought suit seeking damages in the amount of $144,422.50 against, among others, MTC as bailee, warehouseman, and terminal operator. See Complaint at 2.

MTC now moves for summary judgment on the issue of damages, claiming that liability for damage to cargo is limited to $500 per package,[2] and that the liability extends to MTC as the bailee, warehouseman and terminal operator. MTC relies on two sources to support its position that liability is limited: (1) the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C.App. §§ 1300 et seq.; and (2) the express terms of the Hanjin BOL. See generally 46 U.S.C.App. § 1304(5);[3] see Hanjin BOL at section 16(b)(ii).[4] This limitation applies, according to MTC, unless

---

1. An NVOCC is an intermediary between the shipper of goods and the carrier, or in other words, the operator of the vessel that will carry the goods. See All Pacific Trading, Inc. v. Vessel M/V Hanjin Yosu, 7 F.3d 1427, 1429 (9th Cir.1993). Generally, an NVOCC performs a function similar to overland freight forwarders, consolidating small shipments from multiple shippers into large, standard-sized reusable containers. See id.

2. Plaintiffs do not dispute that the cargo constituted one package.

3. Section 1304(5) states that "[n]either the carrier nor the ship shall in any event be or become liable for any loss or damage to or in connection with the he transportation of goods in an amount exceeding $500 per pack-

age lawful money of the United States, or in case of goods not shipped in packages, per customary freight unit, or the equivalent of that sum in other currency, unless the nature and value of such goods have been declared by the shipper before shipment and inserted in the bill of lading." 46 U.S.C.App. § 1304(5).

4. The Hanjin BOL mirrors the language of COGSA and states as follows: "[u]nless the nature and value of the Goods have been declared in writing by the Merchant before shipment and inserted in this Bill of Lading ... (ii)[w]here U.S. COGSA applies, the Carrier shall in no event be or become liable for any loss or damage to or in connection with the Goods in an amount exceeding U.S. dollars 500 per package, or, in case of goods not

the nature and value of the cargo was declared in writing before shipment and inserted in the bill of lading. *See id.* MTC contends that here Bigge made no such declaration on the case of the Hanjin BOL. *See* Hanjin BOL at 1 (showing a blank space following the terms "optional declared value for increased foreign charges to avoid package limitation: US$ _____."). MTC further contends that both COGSA and the Hanjin BOL cover MTC as the bailee, warehouseman, and terminal operator through a provision in the Hanjin BOL, known as the Himalaya Clause, which extends all limitations of liability in the bill of lading to others. *See* Hanjin BOL at section 6(a) (stating "every servant, agent and subcontractor ... and the agents of each shall have the benefit of all provisions herein for the benefit of the Carrier as if the provisions were expressly for their benefit ....").

Plaintiffs oppose MTC's motion, arguing that the Maxpeed BOL, as opposed to the Hanjin BOL, applies. The basis for the application of the Maxpeed BOL is that Hanjin accepted cargo from Maxpeed, knowing and bound to the terms of the Maxpeed BOL. As a result, according to Plaintiffs MTC, as a subcontractor hired by Hanjin, is also bound. This is significant because the Maxpeed BOL contains a provision limiting liability to "2 SDR per kilo of gross weight of the goods lost or damages,[5] unless, within the consent of the Freight Forwarder, the Merchant has declared a higher value for the goods ...."

*See* Salentine Decl., Exh. 4 ("Terms and Condition of Maxpeed BOL") at section 8.3. Plaintiffs, in making their argument, concede that the limitations of liability in the Maxpeed BOL extend to MTC as the bailee, warehouseman, and terminal operator.[6] *See* Opposition at 6 (citing Terms and Conditions of Maxpeed BOL (stating that "[servants and sub-contractors] shall be entitled to avail himself of the defences [sic.] and limits of liability which [Maxpeed] is entitled to invoke under these Conditions.")).

MTC retorts that it does not matter which bill of lading applies, only that COGSA applies to impose a $500 limitation on liability for damage. Moreover, MTC contends that Plaintiffs are bound by the terms of the Hanjin BOL, having sued pursuant to its terms, and because Plaintiffs claim to be third party beneficiaries to the Hanjin BOL, expressly named as a third party through the BOL's use of the term "merchant," which is defined as including the "shipper, consignor, consignee, owner and receiver of the goods and their agents." *See* Hanjin BOL at section 1.

### LEGAL STANDARD

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(c). The moving party bears the initial burden of establishing that there is no genuine issue of material fact. *Id.; Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If

---

shipped in packages per customary freight unit."

5. On January 15, 2002, the currency exchange rate for an SDR was $1.25949. *See* Declaration of David Salentine ("Salentine Decl."), Exh. 5. The cargo weighed 29,520 kilograms. *See* Maxpeed BOL. As such, according to Plaintiffs, the Maxpeed BOL limits liability to approximately $75,000.

6. Plaintiffs further distinguish MTC's cases on the grounds that they did not involve conflicting bills of lading with differing limitation amounts. Plaintiffs argue that all of the decisions antedated the Ocean Shipping Reform Act of 1998 and the accompanying regulations in the C.F.R.

the moving party does not bear the burden of proof at trial, the initial burden of showing that no genuine issue of material fact remains may be discharged by demonstrating that "there is an absence of evidence to support the non-moving party's case." *Id.* at 325, 106 S.Ct. 2548. The moving party is not required to produce evidence showing the absence of genuine issues of material fact. *See Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 885, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). Nor must the moving party support his or her own motion with evidence negating the non-moving party's claim. *See id.*

To withstand a motion for summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue of material fact in dispute. *See* Fed.R.Civ.P. 56(c). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, "the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

### ANALYSIS

■ In responding to MTC's motion, Plaintiffs' do not dispute that the terms of the Hanjin BOL extend to MTC. Instead, it only argues that the Maxpeed BOL, and not the Hanjin BOL, provides the terms by which the parties agreed to transport the cargo from Korea to California. In addition, Plaintiffs specifically concede that the limitation of liability in at least the Maxpeed BOL extends to MTC as bailee, warehouseman and terminal operator. The similarities in the language of both

Himalaya Clauses would support a finding that the concession with respect to the Maxpeed BOL also applies to the Hanjin BOL. As such, the only remaining issue is whether the degree by which MTC may be liable for damages is governed by COGSA and the Hanjin BOL, or, in the alternative, the terms of the Maxpeed BOL. The Court addresses each argument in turn below.

■ There can be no question that COGSA applies, as it applies to shipments of goods between an American and foreign port, where, as here, the shipment originated in Korea and terminated in California. *See* 46 U.S.C.App. § 1300 (providing that "[e]very bill of lading or similar document of title which is evidence of a contract for the carriage of goods by sea to or from ports of the United States, in foreign trade, shall have effect subject to the provisions of [COGSA]."); *see also North River Ins. Co. v. Fed Sea/Fed Pac Line,* 647 F.2d 985, 987 (9th Cir.1981); *see also Tessler Bros. Ltd., v. Italpacific Line,* 494 F.2d 438, 444–45 (9th Cir.1974) (internal citations omitted) (finding that Congress passed the Harter Act and COGSA to counteract the persistent efforts of carriers, who usually drafted of bills of lading, to insert all embracing exceptions to liability). In addition, the Hanjin BOL contain provisions which incorporates COGSA applies, and here, Plaintiffs accepted the terms of the Hanjin BOL when it initiated this action thereon. *See All Pacific Trading, Inc. v. Vessel M/V Hanjin Yosu,* 7 F.3d 1427, 1431 (9th Cir.1993) (finding that the initiation of a suit constituted an acceptance of the terms of the bill of lading).

■ Having said that, with respect to the question of liability, there is nothing in COGSA or the Hanjin BOL which would preclude increasing the amount of liability to an amount greater than the $500 limitation otherwise applied. Specifically, 46 U.S.C.App. § 1304(5) states that liability is limited to $500 per package "unless the

nature and value of such goods have been declared by the shipper before shipment and inserted in the bill of lading." Likewise, the Hanjin BOL at section 16(b) states that liability is limited to $500 per package "unless the nature and value of the Goods have been declared in writing by the Merchant before shipment and inserted in this Bill of Lading."

MTC contends that here Maxpeed, as Bigge's freight forwarder, made no such declaration which would otherwise increase the liability limitation in the Hanjin BOL. *See* Hanjin BOL at 1 (showing a blank space following the terms "optional declared value for increased foreign charges to avoid package limitation: US$ _____."). Having reviewed the Hanjin BOL, the Court agrees and finds there is no indication that Merchant, whether Maxpeed or Bigge, inserted any increase of liability above the $500 limitation in the Hanjin BOL. Absent the insertion of a declaration, the limitation to liability otherwise imposed by COGSA and the Hanjin BOL in the amount of $500 applies. *See Akiyama v. M.V. Hanjin Marseilles*, 162 F.3d 571, 573 (9th Cir. 1998) (finding that a carrier may limit its liability to $500 per package if the shipper is given a fair opportunity to opt out of the limitation by declaring an excess value and paying a higher rate). As such, the Court GRANTS MTC's motion for summary judgment.[7]

### CONCLUSION

For the foregoing reasons, the Court GRANTS MTC's motion for summary judgment.

**IT IS SO ORDERED.**

---

7. The existence of the Maxpeed BOL does not    change the Court's decision.